UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIRECT CONNECT LOGISTIX, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19-cv-01444-SEB-TAB |
| | ) |
| MIDNIGHT SOLUTIONS, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

Plaintiff Direct Connect Logistix, Inc. ("DCL") initiated this action against Midnight Solutions, Inc. ("MSI") on April 10, 2019, alleging breach of contract, conversion, negligence, deception, unjust enrichment, and fraud. MSI filed no answer to the Complaint or other responsive pleading nor defended this action in any way. A Clerk's default was entered against MSI on January 22, 2020. Now before the Court is DCL's Motion for Default Judgment. For the reasons detailed below, DCL's motion is granted in part and denied in part. DCL is awarded damages as set forth herein.

**Facts Established by the Complaint**

The following facts are set forth in the Complaint and taken as true in light of the default entry.

DCL is a freight broker that brokers the shipping of freight between customers and licensed carriers. On November 28, 2016, DCL entered into a contract with MSI whereby MSI agreed to transport fifteen trailers from the warehouse of one of DCL's customers in Morena Valley, California to various other locations in California, Oregon, Washington,

and Texas.[1] Pursuant to the parties' agreement, MSI was required to transport and deliver each trailer within ten days after retrieving it from the customer's warehouse. The contract was expected to be in effect from November 2018 through January 2019.

MSI reported to DCL that it fulfilled these contractual obligations. It submitted signed bills of lading in support of this assertion and invoiced DCL for its services. However, unbeknownst to DCL, MSI had not actually delivered any of the trailers as required by the parties' agreement and reported by MSI. Instead, MSI had abandoned the trailers at JC Cargo Express, a storage yard in Riverside, California. Upon receiving notification from its customers in February 2019 that the trailers had never been delivered, DCL attempted to contact MSI but was unsuccessful.

Later that same month, DCL was contacted by JC Cargo Express and informed that JC Cargo Express had been storing the trailers but was no longer able to reach MSI. JC Cargo Express also indicated that it would be placing liens on the trailers due to unpaid storage fees that had been accruing over the prior months. DCL was thus forced to pay $60,875.00 in order for the liens to be removed and the trailers released from JC Cargo Express.  DCL also paid $26,150.00 in fees to other carriers who recovered the trailers from the storage yard and delivered them to the destinations to which they were originally supposed to have been taken.

Prior to paying these expenses, DCL contacted MSI on multiple occasions to demand that MSI either arrange for the trailers to be properly delivered or pay the

---

[1] DCL has submitted this contract as an exhibit to the Complaint.

resulting fees. MSI refused. DCL then paid the aforementioned expenses and continued to demand payment from MSI, who remained recalcitrant.

DCL filed its Complaint in this action on April 4, 2019, alleging claims of breach of contract, conversion, fraud, unjust enrichment, negligence and deception. A Clerk's default was entered against MSI on August 30, 2019, based on its failure to answer the complaint or otherwise defend this action in any way. Now before the Court is DCL's motion for default judgment against MSI.

## Legal Analysis

### I.   Default Judgment

#### A.  Liability

As noted above, an entry of default was entered against MSI on April 4, 2019. Plaintiffs now seek a default judgment against MSI pursuant to Federal Rule of Civil Procedure 55. "As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff for each cause of action alleged in the complaint." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993) (citation omitted). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

DCL initially brought six causes of action against MSI; however, its motion for default judgments specifies only three: breach of contract, conversion, and deception. We address each claim in turn below.

To prevail on a claim for breach of contract, DCL must show: (1) the existence of a valid contract; (2) MSI's breach of the contract; and (3) damages. *Roche Diagnostics Operations, Inc. v. Marsh Supermarkets, LLC*, 987 N.E.2d 72, 85 (Ind. Ct. App. 2013). DCL alleges that the parties entered into a contract requiring MSI to transport and deliver fifteen trailers, that MSI failed to deliver the trailers, and that DCL incurred expenses of $87,025 as a result of MSI's derelictions. DCL has also proffered a copy of the contract entered into by the parties. These factual allegations, taken as true, are sufficient to establish MSI's liability for breach of contract.

The Indiana Crime Victims Relief Act ("CVRA"), Ind. Code § 34-24-3-1 (2019), affords DCL a civil remedy for its claims of statutory conversion and deception.

DCL's statutory conversion claim requires a showing that MSI "knowingly or intentionally exerted unauthorized control over property of another." Ind. Code. § 35-43-4-3 (2017). DCL argues that MSI knowingly and intentionally exerted control over another's property—that is, the trailers—in a manner beyond what was consented to or authorized by DCL. As with DCL's claim for breach of contract, we conclude that these allegations, when taken as true, sufficiently establish that MSI committed statutory conversion.

Finally, we turn to DCL's allegation of deception. Pursuant to Ind. Code. § 35–43–5–3(a)(2), one who knowingly or intentionally makes a false or misleading written statement with the intent to obtain property commits deception. DCL charges that MSI made such false and misleading written statements by providing signed bills of lading and issuing invoices asserting that the trailers had been delivered when, in fact, they had

not. Moreover, says DCL, these statements were made with the intent to obtain DCL's property, including those payments invoiced by MSI and paid by DCL. Once again, we take these allegations as true and conclude that they sufficiently establish MSI's acts of deception.

Accordingly, Plaintiffs are entitled to a default judgment on its claims of breach of contract, statutory conversion, and deception.

### B.  Damages

With regard to the relief to which Plaintiffs are entitled, "[o]nce the default has been established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). In the default judgment context, the Court may conduct a hearing to determine damages; however, in cases where damages are capable of ascertainment to a reasonable certainty from definite figures contained in the documentary evidence or in detailed evidence, a hearing is not necessary. *Id*; *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Here, DCL is seeking to recover its actual damages totaling $87,025.00. As proof of the damages it incurred, DCL has submitted the sworn affidavit of Tyler Kelley, DCL's Chief Operating Officer. Mr. Kelley affirms that DCL, as a result of MSI's actions, was required to pay $60,875.00 in storage and lien fees to JC Cargo Express as well as $26,150.00 in payments to other carriers hired to pick up and deliver the trailers to their proper destinations. This information set forth in Mr. Kelley's affidavit is based upon his personal knowledge and involvement with the contractual dispute. The specific sums paid by DCL, to which MSI has not contributed, were verified by Mr. Kelley after a careful

review of DCL's business records. Because DCL's damages can be easily ascertained from definite figures supported by Mr. Kelley's affidavit, a hearing on damages is unnecessary. *Lone Star Calf Ranch LP v. Jones*, 1:16-cv-00152-RLY-MJD; 2016 WL 1305255, at *2 (S.D. Ind. Apr. 4, 2016) (finding that hearing was unnecessary and that plaintiff was entitled to requested damages where its affidavit clearly set out the amount of damages actually incurred as a result of a breach of contract); *Laurer v. Wagoner & Sons Concrete, Inc.,* 2014 WL 321304, at *4 (N.D. Ind. Jan. 28, 2014) (concluding that hearing was unnecessary where affidavits based on personal knowledge attested to costs incurred as a result of defendant's conversion).

    DCL also asserts that the CVRA entitles it to an award of treble damages in the amount of $256,075. Though we concur that the CVRA allows for recovery of treble damages in certain circumstances, we disagree with DCL's assertion (offered without any supporting authorities) that the CVRA "entitles" it to treble damages. This assertion is simply not true. Indeed, the Indiana Supreme has expressly adopting a bright-line rule holding that exemplary damages are mandatory whenever recovery is available under the CVRA. *Wysocki v. Johnson*, 18 N.E.3d 600, 605 (Ind. 2014); *see also Schrenger v. Caesars Indiana,* 825 N.E.2d 879, 884 (Ind. Ct. App. 2005) ("[T]here is no absolute entitlement to an award of treble damages under the CVRA.").  Instead, when a party has established an ability to recover damages under the CVRA, the court has "wide discretion not to award any damages in excess of the actual loss," *Wysocki*, 18 N.E.3d at 605, and "it is highly appropriate for the trial court to weigh any equities before deciding the amount, if any, owed as exemplary damages." *Id.* (internal quotations omitted). In

considering whether to award exemplary damages under the CVRA, we look to the "heinousness" of the defendant's conduct to determine if it is egregious enough to warrant punishment. *Id.*; *Smith v. Hearn*, 2020 WL 1309987, at *6 (N.D. Ind. Mar. 19, 2020) ("[B]efore a trial court can award exemplary damages (including treble damages) under the CVRA, there must be a finding that the defendant's actions were so heinous as to require exemplary damages, or warrant quasi-criminal CVRA liability.") (internal quotations omitted).

Here, DCL has presented no argument justifying an award of treble damages. Notwithstanding DCL's lackluster development of this issue, we agree that some amount of exemplary damages is appropriate and necessary in these circumstances before us. MSI's abandonment of the trailers undoubtedly had a deleterious effect on DCL's business relationships with its clients and required DCL to have to invest substantial time and resources to find and recover the abandoned trailers. Meanwhile, MSI has remained unwilling to provide any redress for the injuries it has caused through its intentional and wrongful acts. Such injuries cannot be remedied by an award of actual damages alone, and MSI's injurious conduct deserves to be punished. Accordingly, we award to DCL exemplary damages in an amount equal to its actual damages, for a total award of $174,050 ($87,025 times two).

DCL is also entitled to reimbursement of its reasonable attorney's fees and costs, given that it has established liability for its claims of statutory conversion and deception. *Wysocki*, 18 N.E.3d at 606. ("Our conclusion does not undermine the mandatory nature of awarding costs and attorney fees under the CVRA."). Pursuant to our Local Rule 54-1(a),

DCL has indicated that it will submit its motion for attorney's fees within fourteen days after final judgment is entered. In filing such a request, DCL's counsel should include proper documentation to support the amount requested.

## CONCLUSION

For the foregoing reasons, DCL's Motion for Default Judgment [Dkt. 11] against MSI is **granted in part and denied in part.** The motion is denied in part only to the extent it seeks treble damages. Judgment shall thus be entered in favor of DCL and against MSI in the amount of $174,050.00, with post-judgment interest to accrue in conformance with 28 U.S.C. § 1961. Entry of final judgment need not be delayed pending an attorney's fees request, assuming such will be hereafter submitted by DCL consistent with our Local Rule 54-1.

IT IS SO ORDERED.

Date: 7/8/2020

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.com